Lord *v.* State.

LORD, *Plaintiff in error, versus* STATE OF MAINE.

The requirement by statute, c. 211, § 6, of the laws of 1851, that the appellant from a justice or police court, shall, on conviction in the higher court, pay and suffer *double* the amount of *fines, penalties* and imprisonment awarded against him by the former tribunal, has no reference to the *costs* of the prosecution taxed before such justice or police court.

In a complaint for violating c. 211, § 4, of the laws of 1851, it is lawful to insert two or more offences of the same nature, in different counts.

And where a complaint under that section contained several counts for apparently distinct offences, and on *one* only was the respondent convicted before the justice, and fined ten dollars, from which judgment he appealed, and in the appellate court was convicted according to the record, of the matters set forth in the complaint, and was there fined twenty dollars; the record shows no error, even if a double penalty could not lawfully be imposed.

Whether an Act is constitutional, which imposes a greater fine upon a party who is convicted before a jury, after an appeal, than could be awarded against him on conviction before a magistrate or police judge; *quere.*

WRIT OF ERROR, to reverse a judgment of the Supreme Judicial Court, rendered against the plaintiff at the September term, 1852.

The error assigned was, in sentencing the plaintiff to pay a fine of $20 and the costs of prosecution.

Complaint was made against the plaintiff in error of a violation of c. 211, § 4, of laws of 1851, which contained four counts, charging a sale of different kinds of liquors in each count. A warrant was duly issued thereon, and he was tried before a magistrate, found guilty of one offence alleged in the complaint, and was ordered to pay a fine of ten dollars and costs of prosecution.

From this judgment, the plaintiff in error appealed to the Supreme Judicial Court, and there pleaded not guilty to the complaint, was tried, and found "guilty" and sentenced to pay a fine of twenty dollars and costs of prosecution.

This writ of error was immediately sued out, and the presiding Judge ordered, that the proceedings on said judgment be stayed until the determination of said suit.

*Shepley* and *Hayes*, for plaintiff in error.

The Court in this case sentenced the plaintiff in error to

pay a fine of $20 and costs of prosecution. This is errone-
ous unless authorized by some provision of the Act on which
the complaint was founded.

The 4th section declares, that the justice having original
jurisdiction shall impose as the penalty the sum of $10 and
costs of prosecution. The sum of $10 is not called in the
statute *a fine;* it is not a fine; but $10 and the costs of pro-
secution constitute the penalty for the offence.

The 6th section declares, that the appellate court shall im-
pose double the amount of fines, penalties and imprisonment
awarded against him by the justice from whose judgment
the appeal was made; i. e. double the sum of $10, added to
double the costs of prosecution before the justice. This is
what the statute says the defendant shall pay and suffer up-
on conviction before a jury; double the penalty awarded
by the justice, and no more. The appellate court cannot
add to this the costs of prosecution subsequent to the sen-
tence of the justice.

In this case the penalty awarded by the justice was $10
and costs of prosecution, taxed at $8,02, making $18,02. The
sentence of the appellate court, *indicated* by the 6th section,
would have been double this sum, or $36,04. But instead
of this the Court sentenced the plaintiff in error to pay $20
and costs of prosecution, taxed at $30,01, making $50,01.

But this sentence is clearly erroneous, because the clause
in the 6th section, by virtue of which it was imposed, is un-
constitutional and void.

The punishment for an illegal sale of liquor is fixed by
the 4th section of the Act creating the offence. Upon the
first conviction it is just $10 and costs of prosecution, to
be awarded by the justice, &c. There is no other punish-
ment prescribed by the statute for such a sale on the first
conviction.

The 6th section of this "Act for the suppression of," &c.
virtually declares that, if a person charged with its viola-
tion before a justice, shall appeal from the sentence of such
justice, and add to the offence of selling liquor the equally

heinous crime of daring to insist upon the only mode of trial to which the constitution says he shall have the right, he shall suffer the punishment prescribed by the law as the fitting and adequate penalty for the illegal sale of spirituous and intoxicating liquors, and shall also pay and suffer as much more;—for what? The statute does not expressly say for what, but it declares that such a punishment he shall pay and suffer " in the event of a final conviction before a jury;" that is, if, convicted before a justice, he quietly yields, he shall be punished for selling the liquor; but, if convicted in the constitutional mode, he shall be punished for selling the liquor and for his conviction before a jury.

This sentence, though for too large a sum, cannot be corrected. *Tully* v. *Commonwealth,* 4 Met. 359.

*Evans, Attorney General,* for the State.

TENNEY, J.— The only error assigned is, that the appellate court sentenced the appellant upon conviction by the jury, to pay a fine of twenty dollars and costs of prosecution.

1. It appears that the fine and costs, before the appeal was taken, was less than one half the amount of the fine and costs awarded after conviction by the jury. And it is insisted, that the appellate court, by statute of 1851, c. 211, § 6, is restricted in the sentence to a sum, which is double the aggregate amount of the fine and costs, awarded by the Judge or justice, from whose sentence the appeal was taken.

The party accused, after conviction by the jury, is not relieved from the payment of full costs of the prosecution. The amount is not limited to double the sum, which he was required before the appeal, to pay. The sum to be doubled is the fine or penalty of the justice of the peace, the Municipal or Police Court. The terms " fine" and " penalty" signify a mulct for an omission to comply with some requirement of law; or for a positive infraction of law; and do not include the costs, which accrue in the prosecution. That this was the intention of the Legislature, is manifest

from the requirement in § 6, that before an appeal shall be allowed, the appellant shall recognize to pay *all costs*, fines and penalties, that may be awarded against him, on a final disposition of the complaint. This language will not admit of the construction contended for, by the plaintiff in error.

2. A further ground for a reversal of the judgment for error, is, that § 6, so far as it requires, on conviction by the jury in the appellate court, that the accused shall pay and suffer double the amount of fines, penalties and imprisonment, awarded against him by the Judge or justice, from whose sentence the appeal was made, is unconstitutional and void. And therefore, there was no valid authority for the sentence imposed.

The complaint contains charges of several distinct violations of the statute, as contained in § 4, in as many separate counts. There is nothing in the record, indicating, that they were all for the same offence. He was found guilty by the justice, before whom he was brought and tried, of the sale of one gallon of rum only. He was sentenced to pay the fine required by the 4th § and the costs of prosecution. The appeal annulled the sentence of the justice, and he was entitled to be tried upon the complaint by a jury, and such trial he sought and obtained. In the language of the judg-- ment, " the appeal was entered." — " Now the said Rufus M. Lord is set to the bar, and has this complaint read to him, and pleads and says he is not guilty thereof, and for trial puts himself on the country. Whereupon a jury was empanneled according to law to try the issue, who return their verdict therein, and upon their oath say, that Rufus M. Lord, the defendant, is guilty." " It is therefore considered by the Court here, that said Rufus M. Lord forfeit and pay a fine of twenty dollars, and costs of prosecution," &c.

By the verdict rendered he was convicted upon the whole complaint. It was read to him in all its different and distinct charges, and he pleaded thereto. The record does not show that, they were for one, and the same offence.

They may be well understood from the variation in one from the other, to have been designed for distinct offences. It is competent to frame the complaint, so that two or more offences of the same nature, and upon which the same or a similar judgment may be given, shall be contained in different counts of the same indictment. *Kane* v. *The People*, 8 Wend. 211; 1 Chit. Crim. Law, 252, 253 and 254. The forfeiture prescribed by § 4, on the first conviction is the sum of ten dollars. The record does not show, that the sentence sought to be reversed as erroneous, was a single fine for a conviction of the first offence, made double by the authority of § 6. If the plaintiff in error was guilty of two of the counts in the complaint, as the record shows that he was, he incurred the penalty of ten dollars on each.

If the Legislature had no power under the constitution to provide for a greater fine on conviction before a jury, after an appeal, than that imposed by the tribunal from which the appeal was made, (of which we give no opinion,) it does not appear from the record before us, that a greater penalty was awarded by the appellate court, than that which was deemed by the Legislature appropriate as expressed in § 4.                                    *Judgment affirmed.*

SHEPLEY, C. J., and WELLS, HOWARD and APPLETON J. J., concurred.