# STATE OF NORTH DAKOTA EX REL. S. C. SNODGRASS v. J. P. FRENCH, as Sheriff of Burleigh County.

(155 N. W. 687.)

**Habeas corpus — writ of — rape — crime of — penalty — statute — amendment — ex post facto law — saving clause — construction — implication — district court — jurisdiction — sentence.**

Relator, who seeks to regain his liberty through a writ of habeas corpus, was convicted during the present month of the crime of rape in the second degree, and was sentenced to a term of four years in the penitentiary. The law prescribing the penalty, and in force at the date of the offense, was amended at the last session of the legislative assembly, and the old statute was expressly repealed by the provisions of the new law, and a greater penalty prescribed, such new statute taking effect on July 1st, 1915, and embracing no saving clause as to past offenses. *Held:* That such new statute is, as to relator, an *ex post facto* law, and he cannot be punished thereunder. *Held,* further, that § 7316 of the Compiled Laws of 1913 prescribed a general saving clause which is applicable, and must be read into the new statute by necessary implication. Hence, the district court had jurisdiction to impose sentence under the former statute, and the writ is accordingly quashed.

Opinion filed December 30, 1915.

A writ of habeas corpus was issued out of the supreme court on petition of the relator. On hearing such writ quashed.

*Register & Register* for relator.

· *H. R. Berndt,* State's Attorney of Burleigh County, and *Miller, Zuger Tillotson, contra.*

FISK, Ch. J.   A writ of habeas corpus was issued on application of petitioner, who claims to be illegally restrained of his liberty by the sheriff of Burleigh county by virtue of a commitment issued pursuant to a judgment of conviction of the crime of rape in the second degree.

Petitioner's sole contention is that the district court of Burleigh county was without any jurisdiction to impose sentence against him, for the reason that the statute in force on May 19, 1915, the date the crime was committed, was expressly repealed by chapter 201 of the Laws of 1915, which took effect July 1st, 1915, and which increased the punishment for such offense, and contained no saving clause as to offenses committed while the former statute was in force; in other words, that the new statute as to him is *ex post facto* and void.   It is conceded by counsel for the state that petitioner's contention is sound, provided there is no saving clause; but they assert that while the new statute contains no saving clause, that this fact is not decisive, for the reason that the legislature, by § 7316 of the Compiled Laws of 1913, prescribed a general saving clause, which governs and controls.   This statute was inherited from territorial days, and is § 2133 of the Civil Code of 1887.   It reads as follows:   "The repeal of any statute by the legislative assembly shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."   Such statute was borrowed *verbatim* from the Federal statutes (see § 13, chapter 2, title 1, U. S. Rev. Stat. 1878, Comp. Stat. 1913, § 314).   This statute was construed in United States v. Barr, 4 Sawy. 254, Fed. Cas. No. 14,527, also in United States v. Ulrici, 3 Dill. 532, Fed. Cas. No. 16,594.

If such statute applies to criminal cases, as we think it clearly does, then the one question remaining is the power of the legislature to enact the same.   That it possessed such power, we think is beyond question.   By its provisions, it does not purport to bind subsequent legislatures, but merely to control when subsequent legislatures have not other-

wise ordained. It is a very wise and salutary provision, and ought not to be declared invalid unless its invalidity is clearly apparent, and we are far from reaching this conclusion.

In the light of this statute we are agreed that as to prior offenses the repealing statute did not operate to effect the repeal of the former law fixing the punishment. It will be presumed that the legislature, in enacting the repealing statute without a special saving clause, had in mind such general saving clause provision, and the same will be read into and deemed a part of the new statute by necessary implication. These views have ample support in the authorities. See State v. Smith, 62 Minn. 540, 64 N. W. 1022; People v. McNulty, 93 Cal. 427, 26 Pac. 597, 29 Pac. 61, and authorities cited. The case of State v. Smith, supra, is directly in point, and both the reasoning and conclusion of the Minnesota court meet with our full approval.

Writ quashed.