### Vander W. FORBES
### v.
### WELLS BEACH CASINO, INC.

Supreme Judicial Court of Maine.

May 11, 1966.

J. Armand Gendron, Sanford, for plaintiff.

Berman, Berman, Wernick & Flaherty, by Sidney W. Wernick, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

The issue is whether personal jurisdiction over the defendant Elias M. Loew asserted under the "long arm" statute is constitutionally permissible. The case is reported to us on an agreed statement of facts for decision on the defendant's motion to dismiss for lack of jurisdiction over his person. Our concern is solely with jurisdiction, and not at all with the merits of the complaint.

The "long arm" statute, so-called, (14 M.R.S.A.) reads in part:

"§ 704. *Persons subject to jurisdiction*
"1. *Causes of action.* Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"A. The transaction of any business within this State;

\* \* \* \* \* \*

"C. The ownership, use or possession of any real estate situated in this State;

\* \* \* \* \* \*

"3. *Jurisdiction based upon this section.* Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

See Maine Rules Civil Procedure, Rule 4(e); Field & McKusick, Maine Civil Practice, Reporter's Notes p. 33; comment § 4.13, p. 50; Memorandum to Judiciary Committee, p. 662. The statute was first enacted in P.L.1959, c. 317, § 125.

The pending civil action was brought in York Superior Court by the plaintiff Forbes, a resident of York County, against Wells Beach Casino, Inc., a Maine corporation (Wells Beach), Lawrence C. Laskey, Moritz Loew, and Elias M. Loew, a resident of Milton, Massachusetts. No question of personal jurisdiction is raised by the first three named defendants. Moritz Loew plays no part in the issue before us. For convenience we will refer to the defendant Elias M. Loew as "Loew" or "defendant". No objection is raised to the method used in serving process on the defendant by a deputy sheriff in Massachusetts.

The defendant's position is plainly and succinctly set forth in his brief as follows:

"The activities in which the human non-resident defendant, Elias M. Loew, had engaged in the State of Maine, because they are activities of a kind which the State of Maine has not regarded as exceptional and has not subjected to special and unique regulation, cannot without violation of the 'due process' clause of the Constitution of the United States, be a valid ground of jurisdiction over the person of Elias M. Loew in the present proceeding."

Wells Beach is a Maine corporation of which at all times pertinent to the case Loew and Laskey have each owned fifty percent of the capital stock, and Loew has been a director and treasurer.

In July 1960 Laskey brought an action in York Superior Court against Loew, Wells Beach, and one Pinkus charging the defendant with mismanagement of the corporation and asking for receivership and dissolution. Wells Beach was then and now is the owner of certain real estate and personal property at Wells Beach, Maine. After hearing, at which all present were represented by counsel, the hearing was suspended for an indefinite time. As a result thereof on October 6, 1960, in Portland, Maine, Laskey and Loew both personally signed an agreement pertaining to Wells Beach designed "to terminate their business relationship in the Corporation." On February 6, 1961, at law offices in Portland Laskey and Loew both in person, and the plaintiff through his attorney, submitted bids in writing for the real estate and personal property of Wells Beach in accordance with the terms and procedures outlined in the October 1960 agreement.

The agreement provided that a board of appraisers be appointed which would list the property of Wells Beach with real estate brokers "to secure binding offers for the sale and purchase of said property." Within 120 days after date of the contract and after reports from the brokers, the highest cash offer at least equal to the appraised value and determined by the Board to constitute a reasonable offer, "shall be accepted and the property shall be sold in accordance with this offer and acceptance." It was further provided that "after the sale, the Corporation shall be fully liquidated \* \* \*" and "the parties shall complete all corporate matters necessary to carry out" the agreement which was stated to be binding upon their heirs, administrators and assigns.

On April 19, 1961, Laskey, as plaintiff, sued Loew, Wells Beach and Moritz Loew in York Superior Court. In his complaint Laskey sought that a certain lease of a part

of the premises of Wells Beach "be declared null and void and of no force and effect and be cancelled as a matter of record" and that the "defendants be ordered and directed to comply specifically with the agreement of October 6, 1960."

Loew joined in a common answer by the defendants, and also filed as a part of the answer a counterclaim seeking specific performance of the October 6, 1960 agreement with recognition of his bid "as the bid which has purchased all of the real and personal property owned by Wells Beach Casino, Inc., * * *." The answer and counterclaim were signed by the attorney representing the three defendants named. At hearing thereon both Laskey and Loew testified. The case is still pending.

Thus two stockholders owning the entire capital stock of a Maine corporation have agreed in Maine, without action by the corporation, for the sale of the corporate property in Maine to the highest bidder. In short, they agreed to cause the corporation to carry out the terms of their personal agreement.

There can be no doubt that Loew transacted business in Maine within the meaning of the "long arm" statute. Where also, we may ask, was any part of the business transacted? The contract was made in Maine. Loew by his counterclaim had sought judgment in the Courts of Maine under the same contract. The corporation is a Maine corporation; and the property is located within Maine. "Transaction of any business" under the statute has been carefully reviewed and considered by the New York Court in Longines-Wittnauer W. Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); certiorari denied in Estwing Mfg. Co. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158. See also Van Wagenberg v. Van Wagenberg, 241 Md. 154, 215 A.2d 812.

Loew did not as stockholder, director, or treasurer, own, use, or possess the corporate real estate in Maine. We therefore do not place personal jurisdiction on Clause C of the statute, supra.

■ Loew urges that the "long arm" statute may not reach him under the due process clause for two reasons. First, he says that his activities in Maine were not activities which the State has considered exceptional and has subjected to special and unique regulations. Second, he reminds us that he is a human nonresident.

■ The constitutional standards underlying the exercise of personal jurisdiction by the States over nonresident persons and corporations have been developed and stated in the Supreme Court cases cited below. It is unnecessary that we repeat the principles there stated. We fully appreciate that the setting of the instant case differs from the textbook corporation with an unemployment compensation tax problem in *International Shoe Co.,* or from the life insurance contract in *McGee,* or the trust in *Hanson.* International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. The principles, however, remain applicable.

As we have seen, the connection of Loew and the business transacted from which this action arises with Maine is substantial. This is no case of "minimal contacts." In *Hanson* the Court said, 78 S.Ct. at p. 1240:

> "The application of that rule [the requirement of contact with the forum State] will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

There is no constitutional reason in our view for limiting jurisdiction, let us say, to a corporation doing business in Maine in the usual sense of the term, or to a reg-

ulated business such as insurance. We do not attempt to place the bound between jurisdiction and nonjurisdiction at a precise point. It is sufficient that on these facts jurisdiction is properly asserted.

The motion to dismiss the complaint against Loew for lack of personal jurisdiction should be denied.

The entry will be

Remanded for action in accordance with opinion.