**Paul O. THOMPSON**

**v.**

**Joseph T. EDGAR, Secretary of State.**

Supreme Judicial Court of Maine.

Nov. 21, 1969.

---

Bishop & Stevens, Presque Isle, by Richard C. Engels, Houlton, Donald E. Quigley, Presque Isle, for plaintiff.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

MARDEN, Justice.

On report upon agreed statement of facts. Appellant was charged with operating a motor vehicle on April 15, 1968 while under the influence of intoxicating liquor in violation of statute. On May 1, 1968 upon a plea of not guilty, he was found guilty, and appealed to the September 1968 Term of the Superior Court. On the date of the offense the statute (29 M.R.S.A. § 1312) provided that upon conviction for operating a motor vehicle while under the influence of intoxicating liquor, subsequent to prescribed penalties of fine and/or jail sentence, the driver's privilege to operate motor vehicles should be immediately revoked by the Secretary of State upon receipt of an attested copy of the conviction, and that such person should not be privileged again to operate a motor vehicle for two years, provided, however, that after the expiration of one year the Secretary of State, upon hearing, might issue a license to operate, with or without conditions attached.

By Chapter 546 P.L.1967 the Legislature enacted a new section, 1312–A, to 29 M.R.S.A. making it an offense for a person to operate a motor vehicle "while his mental or physical faculties are impaired, however slightly, by the use of intoxicating liquors * * *." This statute provided that upon violation, penalties lesser than those of § 1312 might be imposed and the operator's privilege to operate be suspended for 3 months immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing. This statute, absent emergency clause, became effective on April 26, 1968.[1]

---

1. By the terms of Maine Constitution Article IV, Part 3, Section 16, "(n)o Act * * * shall take effect until ninety days after the recess of the Legislature passing it * * *."

On September 11, 1968 in the Superior Court to which he had appealed, appellant entered a plea of guilty to the charge, was adjudged guilty and a fine was imposed, as to which penalty there is no issue and which he paid.

On October 25, 1968, upon notification of said conviction, the Secretary of State suspended appellant's license to operate for a period of two years. An appeal was taken from this administrative action and by agreement the case was reported.

■ Because the offense described in § 1312–A was indistinguishable from and synonymous with operation of a motor vehicle while under the influence of intoxicating liquor, as that phrase had been defined in State v. Mann, 143 Me. 305, 310, 61 A.2d 786, 789, it was held in State v. Bryce, Me., 243 A.2d 726 (June 25, 1968) that Section 1312–A repealed by implication that portion of § 1312 pertaining to operation while "at all under the influence of intoxicating liquor", and, implicitly, its concomitant penalty and license sanction.

Two issues are raised upon this report.

(1) Whether the Secretary of State erred in suspending appellant's license to operate a motor vehicle for a period of two years under Section 1312 instead of 3 months under Section 1312–A, and

(2) What effect, if any, 1 M.R.S.A. § 302 [2] has upon the first issue.

■ Consideration of issue (2) is reached by a study of the second sentence of the statute, which by its terms applies to criminal proceedings, In re Schneck, 78 Kan. 207, 96 P. 43 (1908), although we have never been called upon to so apply it. See also State ex rel. Snodgrass v. French, 32 N.D. 362, 155 N.W. 687 (1915).

Appellant does not question that the prosecution of the offense arising out of his alleged conduct on April 15th survived the enactment of § 1312–A. The dispute is confined to the extent of the license suspension sanction.

There was no special clause in the enactment of § 1312–A which "saved" § 1312. If § 1312 were "saved" it was done by 1 M.R.S.A. § 302, a general saving clause.

"(A) general saving clause, * * * in apt language * * *, is as efficient as a special clause expressly inserted in a particular statute." People v. McNulty, 93 Cal. 427, 29 P. 61, 62, aff'd sub nom. McNulty v. California, 149 U.S. 645, 13 S.Ct. 959, 37 L.Ed. 882.

This leads to the problem of relating "punishment, penalty or forfeiture" with the license sanction.

Since the granting by the State of a license "is in no sense a contract or property right," State v. Pulsifer, 129 Me. 423, 426, 152 A. 711, 712 (fishing license); Steves et al. v. Robie, 139 Me. 359, 363, 31 A.2d 797 (motor vehicle registration); Prichard v. Battle, 178 Va. 455, 17 S.E.2d 393 [1–3], 394 (1941—operator's license), and a "forfeiture" in its strict sense is "a divestiture of property without compensation, in consequence of a default or offense," the license sanction is not a forfeiture in the context of the saving statute.

"The terms 'fine' and 'penalty' signify a mulct for an omission to comply with some requirement of law; or for a positive infraction of law; * * *." Lord v. State, 37 Me. 177, 179.

---

**2.** § 302. Construction and effect of repealing acts

"The repeal of an act or resolve passed after the 4th day of March, 1870 does not revive any statute in force before the act or resolve took effect. The repeal of an act does not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any action, or proceeding pending at the time of the repeal, for an offense committed or for recovery of a penalty or forfeiture incurred under the act repealed. Actions and proceedings pending at the time of the passage or repeal of an Act are not affected thereby."

It may be argued with authority that a license sanction is neither penalty nor forfeiture, both by reason of being outside the definition of those terms, and its being imposed not by the court but by an administrative body, and civil in nature.

Is loss of license a punishment within the meaning of the statute? Apart from legal semantics, loss of license is to the layman all three,—penalty, forfeiture and punishment, and probably its threat is the greatest deterrent to violation of motor vehicle laws, but it has been held, within areas of concern similar to those at hand, not to be "punishment." See Prichard, supra, [7], [8, 9] 17 S.E.2d 395, and cases cited, State ex rel. Connolly v. Parks, 199 Minn. 622, 273 N.W. 233 [4] 235 (1937), and State v. Cowen, 231 Iowa 1117, 3 N.W. 2d 176 [1] 179 (1942–dictum, as to licenses generally). These cases represent the view that the license sanction is not to punish the operator, but to protect the public.

Upon this interpretation of § 302, the license sanction imposed by § 1312 was not "saved" from its implied repeal, even though "incurred before the repeal" took effect. Whether it was "incurred" at the time of the wrongful act (April 15th) or when liability for the act was imposed, conviction found or judgment entered (September 11th) we do not here have to decide.

The only license sanction authorized at the time the Secretary of State was called upon to act was that under § 1312–A.

The authority of the Secretary of State to suspend appellant's license was fixed by Section 1312–A and was three months.

See Malloy v. South Carolina, 237 U.S. 180, 183, 35 S.Ct. 507, 59 L.Ed. 905, and United States v. Yuginovich, 256 U.S. 450, 463, 41 S.Ct. 551, 65 L.Ed. 1043.

So ordered.