Edward W. CARDINALI

v.

PLANNING BOARD OF LEBANON
et al.

Supreme Judicial Court of Maine.

May 19, 1977.

Murray, Plumb & Murray by E. Stephen Murray, Portland, for plaintiff.

Pelletier & Runyon by Elmer E. Runyon, Sanford, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DELAHANTY, Justice.

■ This case involves an appeal by the Planning Board of the Town of Lebanon (the Board), the Board members and the Town of Lebanon from an order of the Superior Court granting the plaintiff Edward Cardinali (Cardinali) summary judgment on two of the seven counts of his complaint for declaratory judgment, injunctive relief and review of governmental action.[1] Judgment was entered on December 18, 1975 ordering that a permanent mandatory injunction be issued directing the Board to process and determine Cardinali's request for subdivision approval. We deny the Board's appeal from this judgment.

Cardinali complains that a local ordinance ⟨ imposing a moratorium (for up to two years) on subdivisions is invalid because, *inter alia*, it is violative of 30 M.R.S.A. § 4956.[2] He further argues that even if it is valid, it does not affect him since his application was already pending prior to the moratorium's enactment on March 8, 1975. The presiding Justice held:

> that the moratorium ordinance which is the subject of Count V of the Complaint is contrary to the provisions of 30 M.R. S.A. Section 4956 and accordingly cannot stand and further that the plaintiff had an application for subdivision approval pending before the Defendant Planning Board of the Town of Lebanon at the time the moratorium ordinance which is the subject of Count VI of the Complaint was enacted and accordingly the Plaintiff's application is grandfathered pursuant to the provisions of 1 M.R.S.A. Section 302 and entitled to be processed on its merits.

> . . . . .
> The municipal reviewing authority shall . . . issue an order denying or granting approval of the proposed subdivision . . . . .

> . . . . .
> Any person . . . who sells, leases, or conveys for consideration . . . any land in a subdivision which has not been approved as required by this section shall be punished by a fine . . . . .

1. Judgment on the two counts alone finally disposes of all of the issues in the case. We note in passing that when final judgment is entered on fewer than all of the claims, M.R. Civ.P. 54(b) requires both an express determination that there is no just reason for delay and an express direction for the entry of judgment. A supplemental order dated October 27, 1975 rendered full accord to Rule 54(b).

2. 30 M.R.S.A. § 4956 provides in pertinent part:
   . . . . All requests for subdivision approval *shall* be reviewed by the municipal planning board . . . . .

▪ We concur in the finding of the presiding Justice that the plaintiff's application was grandfathered pursuant to 1 M.R.S.A. § 302. The general savings clause, 1 M.R.S.A. § 302, provides in part:

Actions and *proceedings pending at the time of the passage* or repeal *of an* Act or *ordinance are not affected thereby.* For the purposes of this section, a *proceeding shall include* but not be limited to *petitions or applications for* licenses or *permits* required by law at the time of their filing.[3]

Quite obviously, an application for subdivision approval is encompassed in the above definition of "proceeding." Consequently, Cardinali's application is not affected by the moratorium if it was pending prior to March 8, 1975 when the moratorium was enacted. It is not essential that a special savings clause be inserted in the moratorium itself. As we said in *Thompson v. Edgar,* Me., 259 A.2d 27 (1969):

"a general savings clause, . . . in apt language . . ., is as efficient as a special clause expressly inserted in a particular statute." *Id.* at 29 *citing People v. McNulty,* 93 Cal. 427, 29 P. 61, 62, *aff'd sub nom. McNulty v. California,* 149 U.S. 645, 13 S.Ct. 959, 37 L.Ed. 882 (1892).

▪ Defendants concede that the moratorium would not affect any application submitted prior to March 8, 1975, but they argue that Cardinali did *not* have such an application pending on that date. Pointing to the conflicting versions of the facts manifest in the pleadings, defendants argue that summary judgment was clearly improper since it could not be said that Cardinali had an application pending as a matter of law.

We do not agree. M.R.Civ.P. 56(c) states that summary judgment may be rendered if there "is no *genuine* issue as to any *material* fact and . . . [if] any party is

entitled to judgment as a matter of law." (emphasis ours). That the exact factual scenario is disputed here is not sufficient to preclude summary judgment unless the conflict is as to material facts. *See generally* 73 Am.Jur.2d *Summary Judgment* § 27 (1974). Here, in spite of several minor factual differences, the record contains numerous examples of statements, supportive of Cardinali's position, which defendants either affirmatively admit or fail to deny. Considered collectively, these facts lead us to our conclusion that, as a matter of law, Cardinali had an application pending on March 8, 1975.

Cardinali is the owner of approximately 186 acres of land in South Lebanon, Maine which had been used as a campground since July, 1972. In December, 1974 Cardinali notified the Board that, having decided to convert the campground into a mobile home park, he would be seeking the Board's approval as required by 30 M.R.S.A. § 4956. Acting Chairman of the Board, George Stackpole (Stackpole), admits that he was shown a rough plan for the park during the latter part of the week of December 15, 1974. Then on December 23, 1974 a *special meeting of the Board was held in order to review Cardinali's request for subdivision approval.*

Cardinali claims that he appeared at the meeting and presented a written preliminary drawing dated December, 1974. He further asserts that the Board made certain suggestions, requested that he revise his proposal and submit proposed park regulations and restrictions, and decided that a public hearing on the matter was in order. *Stackpole's affidavit admits that a sketch plan was presented at the special Board meeting.*

Cardinali claims that he delivered a second copy of the preliminary plan dated December, 1974 to Stackpole and to the

---

**3.** As originally enacted in 1954, the statute only spoke of "actions" pending. Effective October 7, 1967, the word "proceedings" was added. P.L.1967, c. 10. Most important for our present purposes was the October 3, 1973 amendment which added the word "ordinance," making it unquestionable that § 302

was meant to embrace a moratorium such as the one we consider here and which, in addition, specifically defined "proceedings" in such a way as to undoubtedly encompass Cardinali's application for subdivision approval. P.L.1973, c. 146.

selectmen at their weekly meeting on January 20, 1975. In addition to the plan, he claims that he submitted a written proposal which contained a soils map of the area, a summary of services, a statement of management criteria and objectives, and a listing of the proposed rules and regulations of the park. *Defendants admit in their answer that they saw this preliminary plan and that Cardinali delivered the summary of services, objectives and rules. Stackpole's affidavit does not deny that a plan was delivered.* It simply states:

> The records of the Planning Board do not disclose that a copy of the so-called preliminary plan or soil map are a part thereof. The deponent has no copy of any such plan or map, and any such copies which he may have had were returned to plaintiff.

After notice was published in two newspapers,[4] a public hearing was held on January 20, 1975. *Defendants admit that Cardinali read his written proposal and discussed the preliminary plan at the hearing.*

Cardinali claims that, pursuant to a suggestion made at the public hearing, the Board met on January 21, 1975 to draft a moratorium on subdivisions. Defendants deny that the Board met for that purpose, but they do admit that the Board convened on January 21 and set January 28 as a date to meet with Cardinali.

Cardinali was present at the Board meeting on January 28, 1975. His complaint avers: "Chairman Stackpole claimed at that meeting that no preliminary drawing had been received but *he and the Planning Board did admit to receiving the written proposal dated January 20, 1975." The Chairman in his affidavit and the Board in its answer do not deny this assertion.*

Cardinali further claims that at the January 28 meeting, he submitted still another copy of the preliminary plan dated December, 1974. He contends that the Board members suggested to him that, before submitting a revised plan, he await a letter from them which would outline in more detail the particular criteria which would be imposed upon him. Stackpole's affidavit admits that there was a "long discussion" of Cardinali's proposal and that the Board agreed to submit a letter to him.

In February, 1975 the proposed moratorium on subdivisions was placed in the warrant of the town meeting to be held on March 8, 1975. Cardinali contends that Stackpole told him by telephone that the moratorium would not affect his proposed park since his preliminary plan had been accepted. Although defendants dispute this claim in their answer, Stackpole in his affidavit does not deny that he so advised Cardinali.

Defendants admit that on February 21, 1975, Cardinali's attorney submitted to the Board a preliminary plan dated December, 1974. They claim, however, that the plan

---

4. We observe that the subdivision law, 30 M.R.S.A. § 4956, provides that:

> In the event that the municipal reviewing authority determines to hold a public hearing on an application for subdivision approval, it shall hold such hearing within 30 days of receipt by it of a *completed application*, and shall cause notice of the date, time and place of such hearing to be given to the person making the application and to be published in a newspaper of general circulation in the municipality in which the subdivision is proposed to be located, at least 2 times, the date of the first publication to be at least 7 days *prior to the hearing.* (emphasis added)

Here, a public hearing was held on January 20, twenty-eight days after the December 23, 1974 Board meeting at which Cardinali's sketch plan was concededly presented and, arguably, submitted. Furthermore, notice of the hearing was published in two newspapers on January 9, 1975, "at least 7 days prior to the hearing."

One can reasonably infer from the above facts that the Board was following the procedures prescribed in § 4956 and, accordingly, that the Board considered itself in receipt of a "completed application" on December 23, 1974. We are not called upon to decide whether Cardinali has filed a completed application, but only whether *any* application, completed or not, was pending. The record nowhere describes the papers or documents which constitute either type of application. Nevertheless, because we view the Board's actions as representative of its belief that it had a "completed application" in its possession, we find the argument for a mere "application" somewhat more compelling.

was returned to Cardinali, at his request, on March 4, 1975.

The Board's letter, dated February 11, was finally delivered to Cardinali on March 4. The letter, which was unsigned, set forth the conditions which the Board would impose on the proposed mobile home park. *Defendants admit that they delivered the unsigned letter to Cardinali.*

The moratorium was passed on March 8, 1975. On March 11, 1975 Cardinali requested that a special meeting of the Board be held to review his revised plan, but he was told by Stackpole that the Board would not review his "plan" since he had no "valid" application pending and, in light of the moratorium, no new applications for subdivision approval would be accepted.

From the above, we believe the only reasonable conclusion is that, in fact, Cardinali *did* have an application pending on March 8, 1975. Although defendants have not seen fit to include in the record any guidelines, should they exist, as to the documents which constitute an application, we feel that, in view of the concessions and undisputed facts in the record, we can state as a matter of law—*i. e.,* "so plainly as to foreclose rational disagreement," *State v. Parker,* Me., 372 A.2d 570, 572 (1977), that Cardinali's application was pending. We have said that "[w]here only one inference can be drawn from undisputed facts, the question is one of law and not of fact." *Bouchard v. Johnson,* 157 Me. 41, 46, 170 A.2d 372, 375 (1961) *citing Maine Water Co. v. Knickerbocker Steam Towage Co.,* 99 Me. 473, 59 A. 953 (1905). That Cardinali's application was pending is the only natural and reasonable inference here.

▮ We recognize that summary judgment is an extreme remedy which should be cautiously invoked. *See generally,* R. Field, V. McKusick, L. Wroth, Maine Civil Practice § 56.1 (2d ed. 1970); 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2712 (1973). We fully concur with the Tenth Circuit in *Avrick v. Rockmont Envelope Co.,* 155 F.2d 568, 571 (10th Cir. 1946) when it said:

The power to pierce the flimsy and transparent factual veil should be temperately and cautiously used lest abuse reap nullification.

▮ But use of the procedure is entirely proper when, as here, the facts before the court

so conclusively preclude[d] the [defendants'] recovery that the Court could conclude, as a matter of law, that only one conclusion of fact was possible. *Tallwood Land and Development Co. v. Botka,* Me., 352 A.2d 753, 755 (1976) *citing Depositors Trust Co. v. Maryland Casualty Co.,* 157 Me. 493, 174 A.2d 288 (1961).

Since we are convinced that Cardinali has sustained his burden of demonstrating that there is no *genuine* issue of *material* fact and that only one conclusion of fact is possible, the granting of summary judgment was not erroneous. *See Akerley v. Lammi,* Me., 217 A.2d 396 (1966).

Having found that Cardinali's application was pending on March 8, 1975, the date of the enactment of the moratorium, we need not address the question of the validity of the moratorium.

The entry must be:

Appeal denied.

All Justices concur.