**BENEFICIAL FINANCE CO. (Maine)**

v.

**STATE of Maine, BUREAU OF BANKS AND BANKING.**

Supreme Judicial Court of Maine.

Nov. 3, 1978.

---

Preti & Flaherty by John J. Flaherty, Portland (orally), Peter H. Rysman, Yarmouth, for plaintiff.

S. Kirk Studstrup (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Beneficial Finance Co. (Maine) instituted a complaint pursuant to Rule 80B, M.R. Civ.P., seeking to reverse an "Order" of the Superintendent of the Bureau of Banks and Banking. A justice of the Superior Court denied the relief requested but refused to give the defendant's mandate retroactive effect.

We sustain the plaintiff's appeal from this ruling and dismiss the defendant's cross-appeal therefrom.

Between May, 1972, and March, 1974, an examination of the books of the plaintiff revealed what the Superintendent of the Bureau of Banks and Banking deemed to be numerous loans made by the plaintiff in violation of 9 M.R.S.A. § 3081 and, on *April 23, 1975*, he issued an "Order Finding Violations of Maine Small Loan Agency Act," finalizing the same as follows:

### Conclusions and Order

Based upon the evidence presented in hearing, the Superintendent concludes that Beneficial's 24-hour zero balance renewal does not constitute a new loan within the meaning of Title 9 M.R.S.A., Section 3081. The old and new loan are linked by the assurance or guarantee by Beneficial to its customer that he or she will receive a new loan in 24-hours sufficient to cover the payout of the old loan plus the additional funds requested. The Superintendent concludes that the second loan is merely an indirect renewal, refinancing or extension of the first loan in violation of Section 3081.

The Superintendent, therefore, finds that the loans listed in Item # 1 of the examination reports of Beneficial's six Maine offices are in violation of Section 3081 by having charged, contracted for or received interest or charges on loans in excess of the amount permitted by Section 3081.

Pursuant to the provisions of 9 M.R. S.A., Section 3043, notice is hereby given to Beneficial Finance Co. (Maine) of the Superintendent's findings with respect to the loans listed in Item # 1 of the 1974 examination reports. Also pursuant to Section 3043 the Superintendent has notified each of the borrowers of his findings. In addition, a copy of this Order has been transmitted to the Superintendent of the Bureau of Consumer Protection.

The plaintiff's complaint is premised on the assumption that the foregoing "Conclusions and Order" is an "Order" from which an appeal can be taken to the Superior Court pursuant to Rule 80B. 9 M.R.S.A. § 11(1), (2).[1]

9 M.R.S.A. § 3081 was repealed by P.L. 1973, ch. 762, § 2, effective January 1, 1975. Did the Commissioner on *April 23, 1975*, have authority to issue the above quoted "Conclusions and Order"?

The Maine Consumer Credit Code, 9–A M.R.S.A. §§ 1.101–7.127, became effective January 1, 1975, and removed supervision of small loan agencies from the Bureau of Banks and Banking. The code contained no provision authorizing retention by the Commissioner or Superintendent of the Bureau of Banks and Banking of any of his prior supervisory powers over licensed small loan agencies.

1 M.R.S.A. § 302 provides:

The repeal of an Act, resolve or municipal ordinance passed after the 4th day of March, 1870 does not revive any statute or ordinance in force before the Act, resolve or ordinance took effect. The repeal of an Act or ordinance does not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any action or proceeding pending at the time of the repeal, for an offense committed or for recovery of a penalty or forfeiture incurred under the Act or ordinance repealed. Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing.

█ It is clear that the "Conclusions and Order" of April 23, 1975, is merely a *finding* and cannot be considered as enforcing either a "punishment, penalty or forfeiture incurred before the repeal [of § 3081] takes effect."

The Bureau of Banks and Banking, acting through its Commissioner or Superintendent, was given certain powers by the legislature. 9 M.R.S.A. § 6(8)(A), (B), (C), (D), delineated the power of the Commissioner to issue "orders." This power was limited by specific authorization "[t]o order: 'any person'" (1) "to cease violating [either a statute or a regulation]" or (2) "to cease engaging in any unsafe and unsound financial practice," or (3) under certain circumstances, a "restriction of the withdrawal of funds" from financial institutions.[2]

The parties conceded that the defendant lacked power affirmatively to enforce the excesses of authority delineated in the above quoted "Conclusions and Order." Violations found to exist under 9 M.R.S.A. § 3081 were made cognizable in the courts (9 M.R.S.A. § 3082, likewise repealed with the repeal of Section 3081), which are not bound by any legal conclusions reached by the Superintendent of the Bureau of Banks and Banking. *Maine Merchants Association, Inc. v. Campbell*, 287 A.2d 430, 433 (1972).

1 M.R.S.A. § 302 was ineffective to invest the Commissioner with jurisdictional authority to issue his mandate of April 23, 1975. His supervisory authority over the plaintiff had ended on January 1, 1975, by virtue of the repeal.

█ 9 M.R.S.A. § 6(8)(A), (B), (C), (D), circumscribed and limited the power of the Commissioner to issue orders directed to the

---

1. 9 M.R.S.A. § 11(1), (2) was repealed by P.L. 1975, ch. 500, § 3, effective October 1, 1975.

2. 9 M.R.S.A. § 6(8)(A), (B), (C), (D), was repealed by P.L. 1975, ch. 500, effective October 1, 1975.

plaintiff. *Assuming* that an ongoing investigation of plaintiff's business as of January 1, 1975, can be construed to be an *action* or *proceeding pending* when 9 M.R.S.A. § 3081 was repealed and, under 1 M.R.S.A. § 302, the powers granted by 9 M.R.S.A. § 6(8)(A), (B), (C), (D), were thus retained, such powers were not executed. The mandate of April 23, 1975, did not purport to utilize the statutory authority since the Commissioner merely gave the plaintiff *notice* of his findings, with notification thereof to the various borrowers and a copy to the Superintendent of the Bureau of Consumer Protection. Therefore, this mandate, being unauthorized by statute when issued, exceeded the power of the Commissioner and was a nullity. *See Cardinali v. Planning Bd. of Lebanon*, Me., 373 A.2d 251 (1977); *see also Holmes v. French*, 68 Me. 525, 530 (1878).

The entry is:

Appeal sustained. Cross-appeal dismissed. Remanded to the Superior Court for entry of a mandate reversing the order of the Superintendent of Banks and Banking and directing said Superintendent to issue notice of the Law Court's decision to each of the borrowers who were notified of his order of April 23, 1975.

DELAHANTY, J., did not sit.