Richard WALLINGFORD

v.

James BUTCHER.

Supreme Judicial Court of Maine.

April 11, 1980.

Argued March 30, 1980.
Decided April 11, 1980.

---

Vernon I. Arey (orally), Clyde L. Wheeler, P. A., Waterville, for plaintiff.

Weeks, Hutchins, Frye & Welch, Roger A. Welch (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

Richard Wallingford commenced an action in the Superior Court, Somerset County, against "Lloyds London" seeking $5,000 indemnity for the death of a horse named Ruben, which he alleged was insured by the defendant. The answer initially sought a dismissal on the grounds that there was no such entity as "Lloyds London" but later by stipulation the parties agreed to substitute the named defendant, James Butcher. After the entry of summary judgment in favor of the defendant, pursuant to M.R. Civ.P. 56, the plaintiff appealed. We vacate the judgment.

The Superior Court correctly identified the single issue in this case as "Whether a horse called Ruben, owned by the plaintiff, was insured by defendant at the time of its death." Wallingford had apparently first insured two horses with Butcher in 1974. This policy was renewed at least twice. In early 1977 a horse named Dick died, and on May 17, 1977, Wallingford purchased Ruben. Edward Comber, an insurance agent, wrote in June, 1977, to Bowes and Co., Inc., the American representative for Butcher, that Wallingford wished to insure Ruben in place of Dick. Bowes, which handled all of Butcher's transactions in this case, returned an application which they required for insuring the new horse. Wallingford completed the application and sent it together with a certificate of a veterinarian to Comber on August 18, 1977. Comber mailed the application and certificate to Bowes on August 26, to be effective as of August 18. Ruben became sick on the 25th and died on the 26th of August. The application was not received by Bowes until the 29th.

The defendant moved for summary judgment in his favor on the grounds that insurance coverage was never bound by Bowes for Wallingford's horse, Ruben. The motion was accompanied by an affidavit purporting to establish that Bowes would only bind insurance coverage after it had received and reviewed the application form and veterinary certificate as forwarded by Comber and also asserting that Comber had at all times acted as agent for Wallingford and not as agent for Bowes. The plaintiff filed a cross motion for summary judgment in his favor on the basis of affidavits submitted by Wallingford and Comber together with attached exhibits. The apparent theory of the plaintiff was to rely upon a

course of dealing between the parties to establish that the insurance coverage on Ruben became effective as of August 18, 1977, the date upon which Wallingford submitted the application and veterinary certificate to Comber.

At hearing on the cross motions for summary judgment and on motion of the plaintiff, the defendant's affidavit was stricken as being insufficient under the rules. Thereafter, the court denied the plaintiff's motion for summary judgment and instead entered summary judgment for the defendant. The court referred to the plaintiff's reliance on a course of dealing between the parties and said that if such an understanding had in fact existed then the "plaintiff would be entitled to recover in this action because, before Ruben died, he had already completed the routine preliminary steps for adding the new horse to his existing policy." The court went on to say that the evidence on which the plaintiff relies is entirely documentary and that the legal sufficiency of this evidence poses an issue that may properly be decided on motion for summary judgment. After an analysis of the affidavits and documents in the record the court concluded "Finding plaintiff's allegation that Ruben was insured at the time of his death to be unsupported by the evidence, the court grants defendant's motion for summary judgment." The court then ordered the complaint dismissed.

■ The parties undoubtedly maintained at argument in the Superior Court, as they do here, that there existed no "genuine issue as to any material fact," the prerequisite for summary judgment under Rule 56. *Wescott v. Allstate,* Me., 397 A.2d 156 (1979). Undoubtedly this posture of the parties contributed to the error which was made by the Superior Court. Court and counsel should be alert to the fact that arguing the nonexistence of factual issues in support of a motion for summary judgment is not the same as stipulating to the absence of any genuine issue of fact. The moving party concedes the absence of a factual issue only for purposes of his own

motion. *Winter v. Casco Bank and Trust Co.,* Me., 396 A.2d 1020, 1023 (1979); *Perry v. Town of Friendship,* Me., 237 A.2d 405, 409 (1968); see 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 56.9 at 42 (2d ed. 1970). A moving party need not concede that there is no issue of fact which would preclude summary judgment in favor of the opposing party, even if the opposing party has brought a cross motion for summary judgment. If, when there are cross motions, the parties agree that there is no genuine issue as to any fact that would be material to a judgment in favor of either party, they should so stipulate. If appropriate, such a stipulation may be entered orally at a hearing on the motions.

■ In the present case, the Superior Court Justice premised his order granting summary judgment for the defendant on the proposition that the evidence on which the plaintiff relies is entirely documentary. The record does not support this proposition. The affidavit of Edward R. Comber, Wallingford's insurance agent, states that his dealings with Wallingford and Bowes consisted of "verbal [*i. e.,* oral] and written communications," and on one of the letters included among the exhibits is a handwritten note referring to a telephone conversation between Comber and employees of Bowes. Indeed, the defendant concedes on appeal that the documentary evidence does not provide a complete record of the dealings among the plaintiff, Comber, Bowes, and the defendant.

The plaintiff has not argued that Comber had either real or apparent authority to bind Bowes. He has not, however, stipulated that there is no issue as to such authority. The plaintiff's position is not a concession that there is no issue as to real or apparent authority, but rather an assertion that Comber's role as an agent was irrelevant if the evidence submitted by Wallingford were sufficient to entitle him to summary judgment.

We are of the opinion that the presiding justice was correct in ruling that Wallingford was not entitled to summary judgment. We hold that it was error to proceed

to grant summary judgment to the defendant.

As we have previously stated, "summary judgment is an extreme remedy which should be cautiously invoked." *Haskell v. Planning Board of Yarmouth*, Me., 388 A.2d 100, 102 (1978), *citing Cardinali v. Planning Board of Lebanon*, Me., 373 A.2d 251, 255 (1977). It should only be granted when "the facts before the court so conclusively preclude . . . [a party's] recovery" that a judgment in favor of the other party is the only possible result. *Id.*, 373 A.2d at 255, *citing Tallwood Land and Development Co. v. Botka*, Me., 352 A.2d 753, 755 (1976). The fact that the plaintiff had not produced enough for summary judgment in his favor, does not mean that summary judgment was appropriate for defendants. *Winter v. Casco Bank and Trust Co., supra; Perry v. Town of Friendship, supra.*

We find it difficult to imagine a real-life situation in which a "course of dealing" between the parties can upon motion for summary judgment be properly postured to eliminate issues of fact. An evidentiary exploration of the "course of dealing" must necessarily involve all communications written or oral as well as the actions of the parties in reliance thereon. *See Bourisk v. Amalfitano*, Me., 379 A.2d 149 (1977). Even assuming the defendant's affidavit to have been in proper form, we do not find the record sufficient for the entry of summary judgment for either party. We conclude, therefore, that the judgment must be vacated, and the case remanded for further proceedings.

The entry is:

Appeal sustained.

Judgment vacated.

Costs on appeal allowed to appellant.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.