Vander W. FORBES

v.

**WELLS BEACH CASINO, INC. and
Elias M. Loew, et al.**

Supreme Judicial Court of Maine.

April 29, 1987.

Argued April 29, 1987.

Decided May 21, 1987.

J. Armand Gendron (orally), Sanford, for plaintiff.

Richard P. Romeo (orally), Smith & Elliott, P.A., Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

The defendants, special administrators of the estate of Elias M. Loew, appeal from an order of the Superior Court (York County) entered in connection with the receivership of Wells Beach Casino, Inc. The Superior Court granted plaintiff Vander W. Forbes' motion for summary judgment on the claim of Elias M. Loew against the receivership estate. Having dispensed with the sole disputed claim, the court allowed the remaining claims and ordered final distribution. Defendants appeal arguing that summary judgment was erroneously granted. We agree and we vacate the order of the Superior Court.

The facts relevant to this appeal may be briefly stated as follows:[1] In *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646 (Me.1979) it was established that plaintiff Forbes was entitled to specific performance of the contract for the sale of the Casino property. Additionally, it was established that Loew held title to the property as a constructive trustee for the benefit of the corporation, Wells Beach Casino, Inc., and that plaintiff was entitled to dissolution of the corporation. The court appointed a receiver and ordered Loew to transfer the property to the corporation which would, in turn, transfer the property to Forbes upon payment of the original contract price. In response to the receiver's request for instructions on the procedure for filing claims, the Superior Court ordered that all claims had to be filed with the court by July 31, 1981 and required that the claims be in affidavit form with an itemized statement of the claim. In addition the court's order provided that "disputed claims, if

---

1. A more complete description of some of the factual background of this 20–plus year litigation may be found in *Forbes v. Wells Beach Casino, Inc.*, 219 A.2d 542 (Me.1966), *Forbes v.* *Wells Beach Casino, Inc.*, 307 A.2d 210 (Me. 1973), *Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646 (Me.1979).

any, shall be passed upon by the Court ...."

In accord with the court's order, Loew filed a proof of claim against the corporation in the approximate amount of $150,000 on July 20, 1981. More than three years later, on October 22, 1984, plaintiff Forbes filed a motion for summary judgment alleging the absence of any genuine issue of material fact with regard to Loew's claim and requesting that the claim be denied as a matter of law. Forbes' motion for summary judgment stated that it was "based upon facts established in the case and reflected as such in the record." In support of his motion, Forbes argued that Loew was barred as a matter of law from reimbursement for any expenditures on the property. The court did not purport to rule on the validity of the Loew claim but rather ruled that Loew lost his entitlement to any recovery for the following reasons:

> There has never been an accounting of the rents and profits during the period the property was in the hands of the constructive trustee. To this day the claimant has not acceded to the order of court affirming the ownership rights in the real property to the plaintiff by executing a deed. The breach of his fiduciary duties to the corporation as well bar him as a matter of law from recovery on his claim.

From this order defendants appeal.

 No useful purpose will be served by a detailed discussion of the points mentioned by the Superior Court. It is sufficient to note that Loew was neither requested nor ordered to submit any accounting of rents and profits. With regard to the second point, there is evidence in the file that Loew did execute an incomplete deed. Furthermore the court did not order that Loew would be barred from reimbursement if he failed to execute a deed. In fact, the court anticipated such an event and authorized the receiver to execute the deed if Loew refused. Finally, there is no rigid rule requiring that a constructive trustee forfeit all rights of reimbursement for the breach of any fiduciary duty. Indemnification depends on circumstances

such as the nature of the expenses, the severity of the trustee's misconduct and the potential windfall to the beneficiaries. *See Restatement (Second) of Trusts* § 244 (1959), and A.W. Scott, *Scott on Trusts* § 479.1 at 3461–3462 (3d ed. 1967).

■ We conclude on this record that the Superior Court erred in granting summary judgment without requiring factual development of the claim. The facts before the Superior Court do not conclusively preclude defendants' recovery and neither plaintiff Forbes nor the receivership is entitled to judgment as a matter of law. *See, Wallingford v. Butcher*, 413 A.2d 162, 164 (Me. 1980).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.