**MAINE ISLE CORP., INC.**

v.

**TOWN OF ST. GEORGE, et al.[1]**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1985.

Decided Oct. 15, 1985.

1. Both the underlying 80B action and the complaint for declaratory relief named the Town's code enforcement officer as an additional defendant. Four landowners on Rackliffe Island were granted intervenor status in the underlying 80B action.

Dyer, Goodall & Zeegers, Clifford H. Goodall (orally), Augusta, for plaintiff.

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, Esther R. Barnhart (orally), Joseph B. Pallicani, Rockland, for defendant.

R. James Davidson, Waldoboro, for intervenors.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Maine Isle Corp., Inc. (Maine Isle) appeals from a declaratory judgment of the Superior Court (Knox County). Maine Isle sought a declaration that it had an application to amend a subdivision pending before the Town of St. George Planning Board (Board) prior to the date that the Town enacted a new zoning ordinance, and thus, that it was entitled under 1 M.R.S.A. § 302 to have its application governed by the pre-existing ordinance. The Superior Court ruled that Maine Isle did not have an application pending when the Town enacted its new ordinance. Under the standards previously enunciated by this Court, we conclude that the Superior Court erred as a matter of law, and we sustain the appeal.

On September 17, 1982, Maine Isle applied to the St. George code enforcement officer for a permit to construct multi-family housing on a previously approved subdivision on Rackliffe Island in St. George. On February 8, 1983, the Board ruled that the density requirements of the Town's minimum lot size ordinance[2] applied to multi-family housing in the Rackliffe Island subdivision. In an April 28, 1983 letter from its attorney to the Board, Maine Isle requested an amendment to its Rackliffe Island subdivision to allow development of clustered condominiums. The letter did not propose a precise number of units, but it did explain that in addition to the land upon which the proposed units would be constructed, other land would be restricted to non-development so that the total land devoted to the project would equal one acre per unit. Maine Isle proposed to convey the improved land to the condominium owners and to retain title to the undeveloped land to ensure that future condominium owners could not develop that land in violation of the Town's ordinance. Maine Isle's letter also noted the advantages of clustered development including reduced environmental impact and the preservation of portions of the island in an undeveloped state. Finally, the April 28 letter declared

2. The ordinance stated:
   The Town will accept a minimum lot size ordinance of one acre for a one-family dwelling with a minimum frontage of 100 feet on a public or private road, a set-back of 25 feet from the road right-of-way and a 10 foot set-back from any boundary line; and the Planning Commission, in the ensuing year, will set standards for multi-dwelling houses and dwellings.

null and void any development plans that Maine Isle had previously submitted to the Board.

At a Board meeting on May 10, 1983, Maine Isle's attorney appeared and elaborated upon the proposal contained in his letter, using a map of Rackliffe Island as a conceptual aid. After discussion of the proposal, Maine Isle's attorney requested that the Board vote to process the proposal under the Town's minimum lot size ordinance. The Board voted unanimously that the ordinance allowed only one single family dwelling per acre, thus precluding clustered development.

Maine Isle appealed to the St. George Board of Appeals, which affirmed the Board's actions. Maine Isle then sought review in Superior Court pursuant to M.R. Civ.P. 80B. While the Maine Isle action was pending, St. George enacted on September 8, 1983 a new zoning ordinance specifically governing multi-family housing, condominiums and cluster housing. Maine Isle amended its complaint to include a count seeking a declaratory judgment that by virtue of 1 M.R.S.A. § 302 (1979),[3] its application could not be affected by the enactment of the new ordinance. The Superior Court ruled that Maine Isle was not entitled to the protection afforded by section 302 and was bound by the new ordinance.[4] From this ruling Maine Isle appeals.

The Town argues that Maine Isle's proposal did not comply with the requirements of St. George's ordinance governing the content of subdivision applications. That ordinance requires that a developer's "preapplication" include a sketch plan and certain data pertaining to, *inter alia*, soil conditions, available facilities, and lot sizes. The Town points out that Maine Isle's letter of April 28, 1983 did not contain all of the required data and that the map used as a conceptual aid at the May 10, 1983 meeting was not submitted to the Board but remained in the possession of Maine Isle's attorney. The Town contends that because Maine Isle had not submitted all the required "preapplication" material, it did not have an application pending when the new ordinance was enacted.

This Court addressed and rejected a similar argument in *Littlefield v. Inhabitants of Town of Lyman*, 447 A.2d 1231 (Me. 1982). We reasoned that because the planning board was free to act upon a proposal whether or not it could be deemed "preliminary," "complete" or "final," such characterizations should not govern the question of whether an application is pending for the purposes of section 302. *Id.* at 1234–35. Rather, we held that an application is pending "when a municipality takes the threshold step of acting on the substance of a proposal." *Id.* at 1235.

As was the case in *Littlefield*, the St. George ordinance specifies the content of an application but does not prohibit action on a proposal that is not in strict compliance with those requirements.[5] When the Board met on May 10, 1983, it had received

3. Section 302 states in relevant part:

Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing.

Applications for subdivision approval are "proceedings" within the terms of § 302, and thus, are entitled to its protection if pending at the time of a new enactment. *Littlefield v. Inhabitants of Town of Lyman*, 447 A.2d 1231, 1233 (Me.1982); *Cardinali v. Planning Board of Lebanon*, 373 A.2d 251, 253 (Me.1977).

4. The need for any consideration of the underlying 80B action was foreclosed by the Court's declaratory judgment.

5. The St. George ordinance calls for a "preapplication" upon which the Planning Board is to designate the proposal as either a major subdivision or a minor subdivision. In the process of making that classification the Board is to determine whether the submission complies with the requirements for a preapplication and, if necessary, suggest specific material that should be included in subsequent submissions. Thus, action by the Board is not conditioned upon a submission's technical compliance with the application requirements of the ordinance.

Maine Isle's letter of April 28, 1983. Although the letter does not fully comply with preapplication data requirements of the St. George ordinance, it specifies the nature of the proposed development, including the manner of meeting the density requirement. In addition, the letter describes specific benefits that Maine Isle contended would flow from its chosen method of development. During the May 10th meeting, Maine Isle's attorney used a map of Rackliffe Island to illustrate the concept of clustered development. Members of the Board questioned whether Maine Isle or the condominium owners should own the undeveloped land, and whether that land should abut the improved land. Finally, after a request for a ruling by Maine Isle, the Board voted that the Town's minimum lot size ordinance did not permit clustered development.

By discussing the Maine Isle proposal and voting that the proposal could not satisfy the Town's minimum lot size requirement, the Board acted on the substance of Maine Isle's proposal. We do not suggest that the Board was required to accept Maine Isle's application or act upon it. Having acted on the substance of the proposal, however, the Board cannot now claim that an application was not pending because the proposal was incomplete. Under the rule established in *Littlefield*, Maine Isle had a proposal pending before the Board that is entitled to the protection afforded by section 302.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of judgment declaring that Maine Isle's subdivision application is unaffected by the ordinance enacted by the Town of St. George on September 8, 1983 and for further proceedings consistent with the opinion herein.

All concurring.