**Robert H. BROWN, Jr.,**

v.

**TOWN OF KENNEBUNKPORT, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1989.

Decided Oct. 26, 1989.

Richard A. Spencer, Barbara L. Krause (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Action was brought by a developer, Robert H. Brown Jr., challenging both the validity of the Kennebunkport Planning Board's 1987 amended subdivision regulations, and the applicability of the amended regulations to the developer's application for subdivision. The Superior Court (York County, *Perkins, J.*) affirmed the Board's decision denying the developer relief, and the developer appeals. We find first that the Board's amended subdivision regulations apply to "Phase Two" of the developer's subdivision development plans because "Phase Two" was not pending in application form before the Board when the Board amended its subdivision regulations. Second, we find that the Board's expressly delegated power to adopt subdivision regulations includes the power to amend these regulations once adopted. Accordingly, we find no error and affirm the Superior Court's judgment.

I.

The developer owns a parcel of land in Kennebunkport that consists of approximately 60 acres. In December, 1984 the developer submitted an application for "sketch plan" review and approval of a subdivision of this land to the Kennebunkport Planning Board. The extent of the subdivision proposed in this initial application is at issue. At the time of the developer's initial application in 1984, the Board's regulations permitted submission of subdivision applications for "sketch plan" review. The developer alleges that his initial application contemplated multiple "sections" or "phases" of subdivision development. "Phase One," which was described in detail in the original application, involved the development of nine lots upon 13 acres of the 60 acre parcel. According to the

Gordon C. Ayer (orally), Durward W. Parkinson, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

developer, future "phases" were to be introduced over time. The developer's application was considered at several Board meetings in 1985. Although minutes from two Board meetings at which the developer's initial application was considered contain references to both "Phase Two" and to the entire 60 acre parcel, members of the Board at these meetings repeatedly stressed that only the nine lot, 13 acre subdivision was then under consideration. The Board granted approval to the developer's initial sketch plan application in March, 1985.

On February 11, 1987 the Board amended its subdivision regulations to eliminate "sketch plan approval." Two weeks later, the developer submitted an application for "Phase Two" that conformed to the Board's old subdivision regulations application requirements, but failed to comply with the Board's new application requirements.

In 1987, the developer presented the Board with several arguments, including the two presented on this appeal, that the Board's new Subdivision regulations were inapplicable to his application. The Board rejected all of the developer's arguments. The developer then appealed to the Superior Court pursuant to M.R.Civ.P. 80B. The Superior Court affirmed the Board's decision, and the developer now appeals to the Law Court.

## II.

■ The developer asserts that his initial application was an application for a "Preliminary Plan" to develop the entire 60 acre parcel of land, which, he argues, included both phases one and two. The first issue we must address is whether the developer had an application for development of "Phase Two" pending before the Board for subdivision approval at the time that the Board amended its own subdivision regulations. A "pending" application would be "grandfathered" pursuant to 1 M.R.S.A. § 302, and would be entitled to Board evaluation under the subdivision regulations that existed at the time that the application was accepted by the Board. *Cardinali v.*

*Planning Board of Lebanon, et al.,* 373 A.2d 251, 253 (Me 1977). 1 M.R.S.A. § 302 provides in pertinent part:

> Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing.

It is well established that subdivision applications are "procedures" within the meaning of section 302. *Cardinali,* 373 A.2d at 253; *Littlefield v. Town of Lyman,* 447 A.2d 1231, 1233 (Me.1982).

The Town contends that no application for "Phase Two" was pending because the Board never acted upon the substance of a plan for subdivision of either the developer's entire 60 acre parcel or "Phase Two." Instead, the Town states, it considered the developer's initial "sketch plan" application to be merely an application for a 13 acre development of 9 lots. The Town asserts that the developer failed to submit an application for subdivision of the remainder of the parcel until two weeks after the Board had amended its subdivision regulations. Therefore, the Town concludes, the developer's application for subdivision of the remainder of the parcel is subject to the amended subdivision regulations, which prohibit "sketch plan" approval.

On September 9, 1987, the Board made its own findings and drew its own conclusions on this issue. In pertinent part, the Board adopted the following Findings of Fact:

1. The application submitted to the Planning Board and the plan finally approved by the Planning Board on March 13, 1985 was for a 13 acre subdivision.

2. The subdivision plan shows no proposed division of the remaining Brown land.

Additionally, the Board adopted the following among its Conclusions:

2. The fact that Mr. Brown disclosed an intention to develop the remaining

contiguous acreage at some time in the future did not trigger review of those plans by the Planning Board.

When the Superior Court acts as an appellate court reviewing the action of a municipal planning board, the Law Court directly examines the record as it was developed before the board. *Camden & Rockland Water v. Town of Hope,* 543 A.2d 827, 829 (Me.1988); *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 105 (Me.1984). On review of the action of a municipal planning board, we may not make factual findings independent of those explicitly or implicitly found by the municipal authority, nor may we substitute our judgment for that of the municipal authority. *Shackford,* 486 A.2d at 104; *Mack v. Municipal Officers of the Town of Cape Elizabeth,* 463 A.2d 717, 719–20 (Me. 1983); *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982). Our role in this case is limited to determining whether the findings of the municipal authority are supported by substantial evidence in the record. *Camden,* 534 A.2d at 827; *Shackford,* 486 A.2d at 104. We hold that the Board's findings are supported by substantial evidence in the record.

The current version of 1 M.R.S.A. § 302 (1989) which applies to all applications for town review submitted after August 4, 1988, is more expansive than the version of section 302 that was in effect at the time the developer submitted his initial application. *See* P.L.1973, ch. 146. Nevertheless, in *Waste Disposal Inc. v. Town of Porter,* 563 A.2d 779, 781 (Me.1989), we held that the statutory language of the current version is consistent with our interpretation of the prior version of the statute as discussed in *Maine Isle Corp. v. Town of St. George,* 499 A.2d 149, 152 (Me.1985) and *Littlefield.* Under the current version of section 302, an application is considered a "pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before." 1 M.R.S.A. § 302. "Substantive review" of an application is defined as "review of that application to determine whether it complies with the review criteria and other applicable requirements of law."

*Id. See also, Waste Disposal,* 563 A.2d at 781–82.

In *Littlefield,* 447 A.2d at 1235, we held that when a municipality takes the threshold step of acting on the substance of a proposal, the application is pending for purposes of section 302. However, presentment of a plan to a municipal board may not, in and of itself, result in a pending application under this section. "When the municipality accepts the plan for the purpose of evaluating the substance of the proposal, manifests that the plan is adequate to begin the review process, or fails to advise an applicant of any restriction on the significance of acceptance of the plan, an application can be said to be pending." *Id.*

In the instant case, there is substantial evidence to support the finding that Board did not "act upon the substance" of "Phase Two" of the developer's application. The record contains statements by both parties indicating that the Board's substantive consideration of the developer's initial application was limited to the 13 lot subdivision. Although the developer's original application contained several references to development of the entire 60 acre parcel over many years, both the developer and the Board treated the application primarily as an application for subdivision development of only 13 acres. For example, the minutes of the 9 January 1985 Board meeting state, "[the developer] proceeded to show plans of the development. Explaining that they are indefinite at this stage ... he suggested that the Board grant approval piecemeal over a ten year period." Additionally, at the same Board meeting the developer emphasized that he wished the Board to consider the 13 acre subdivision only. Likewise, in a public hearing held on 27 February 1985, one month before the Board approved the developer's application, the Board publicly announced that the application before it concerned only the nine lot, 13 acre subdivision, and the developer did not object to or qualify this statement.

Although the additional references in the application to development of the area be-

**328**

yond the 13 acre subdivision suggest a larger plan, as *Littlefield* makes clear, the presentment of a plan to a municipal board may not be enough to establish that plan as "pending" within the meaning of section 302. With the exception of the Board's requirement that the developer include in his 13 acre subdivision plan the construction of a fire pond that would benefit future subdivisions in the area beyond the initial 13 acre subdivision, the record does not indicate that the Board evaluated the substance of any proposal to develop the remaining acreage. Because the fire pond was necessary to Phase One of the development as well as to future phases, and because the fire chief insisted that it be constructed as part of the initial subdivision, the Board's requirement that the fire pond be built immediately does not indicate that the Board gave substantive consideration to Phase Two of the development plan. The Board apparently lacked adequate information to review the 60 acre plan, and repeatedly insisted that it considered only the 13 acre subdivision.

The developer argues that this Court's decision in *Maine Isle*, 499 A.2d at 152, establishes a rule that permits an application before a municipal board to achieve "pending" status whenever the application is sufficiently detailed to permit substantive review, even if the application falls short of a municipal reviewing authority's specific application requirements. The developer misinterprets our decision in *Maine Isle*. Although in *Maine Isle* we did permit an application that failed to meet the municipal reviewing authority's specific application requirements to achieve "pending" status, we granted relief to the developer because the local Planning Board had *discussed and voted* upon the developer's application, not because the developer's incomplete application was sufficiently detailed to *permit* review. *Id.* Action upon the substance of an application by the local reviewing authority is the crucial factor, not the sufficiency of the application. In the case at hand, the Board has specifically declined to discuss or vote on the develop-

er's "Phase Two" application. Accordingly, the Board has not "acted on the substance" of the application and it will not be considered "pending" for purposes of section 302.

### III.

The developer's second argument is that the Board's February 11, 1987 amendments to its subdivision regulations were not validly enacted. The Board's authority to promulgate rules governing the subdivision of land derives from 30 M.R.S.A. § 4956(2)(B). In 1987,[1] section 4956(2)(B) provided, in pertinent part, that a "municipal reviewing authority may, after a public hearing, *adopt* additional reasonable regulations governing subdivisions which shall control until amended, repealed or replaced by regulations adopted by the municipal legislative body....." (Emphasis added). Asserting that section 4956(2)(B) must be narrowly construed, the developer argues that the statutory grant of power to adopt regulations does not include the power to amend previously adopted regulations. We disagree.

The power to amend previously adopted subdivision regulations is essential to the Board's express power to adopt subdivision regulations. An authorizing statute grants public bodies such powers as may be fairly implied from its language, including those powers necessarily arising from powers expressly granted and those essential to give effect to powers expressly granted. *State v. Fin and Feather Club*, 316 A.2d 351, 355 (Me.1974).

The entry is:

Judgment affirmed.

All concurring.

---

**1.** In 1988, the State Legislature amended section 4956(2)(B). P.L.1988, ch. 870, § 3.