**Michael P. WALSH, et al.**

v.

**TOWN OF ORONO, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 15, 1991.

Decided Feb. 8, 1991.

**830**

Orman G. Twitchell (orally), Bangor, for plaintiffs.

Thomas A. Russell (orally), Mitchell & Stearns, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and BRODY, JJ.

WATHEN, Justice.

Defendants, the Town of Orono ("Town") and the Planning Board of the Town of Orono ("Planning Board"), appeal a judgment of the Superior Court (Penobscot County, *Silsby II, J.*) reversing a decision of the Planning Board which denied applications for site-plan and subdivision review filed by plaintiffs, Michael P. Walsh and Mark T. Walsh. Defendants argue that plaintiffs' applications for site-plan review and subdivision approval were not "pending proceedings" within the meaning of 1 M.R.S.A. § 302 (1989) and, thus, not entitled to review under the high density residential zoning classification. We agree and vacate the judgment of the Superior Court.

Plaintiffs own a parcel of land in Orono on which an 8–unit apartment building is located. On July 25, 1989, they submitted a site-plan application to the code enforcement officer ("CEO") of the Town of Orono, proposing the construction of an additional 22–unit apartment building on the site. In an August 8, 1989 letter, the CEO informed plaintiffs that he had scheduled a September 20 public hearing for the proposed site plan. He further advised that the project, as proposed, violated a Town zoning ordinance that permits only one principal building to be located on a lot in a high density residential district zone, and that it would need a subdivision review.

On August 23, plaintiffs filed an amended site-plan application and an application for subdivision review proposing a 22–unit addition to the existing apartment building. On that same date, the Town Council passed Order No. 89–89 which altered the zoning classification for a number of properties in Orono from high density residential ("HDR") to medium density residential ("MDR"), including plaintiffs' parcel. Multi-family developments are permitted in the HDR district, but not in the MDR district.

On September 20, the Planning Board conducted a public hearing on the site-plan and subdivision applications. At the hearing, a letter from the Town attorney was introduced, stating that the project would not be grandfathered, pursuant to 1 M.R.S.A. § 302,[1] and needed to be reviewed under the MDR zone requirements imposed by the amendment. After continuing the matter at its October 18 meeting, the Board voted to deny the project because it did not meet the zoning requirements for an MDR zone.

On November 17, plaintiffs filed a complaint pursuant to M.R.Civ.P. 80B in the Superior Court, appealing the Board's decision and contending they were prejudiced by the CEO's failure to refer their application to the chairperson of the Planning

---

**1.** 1 M.R.S.A. § 302 deals with the "[c]onstruction and effect of repealing and amending Acts" and states, in pertinent part:

Actions and proceedings *pending* at the time of the passage, amendment or repeal of an Act or ordinance are *not affected thereby*. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing. For the purposes of this section and regardless of any other action taken by the reviewing authority, an application for a license or permit re-

quired by law at the time of its filing *shall be considered to be a pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before.* For the purposes of this section, a substantive review of an application for a license or permit required by law at the time of application shall consist of a *review of that application to determine whether it complies with the review criteria and other applicable requirements of law.*

1 M.R.S.A. § 302 (emphasis added).

Board 10 days in advance of the next regular meeting, scheduled for August 16, pursuant to Zoning Ordinance § 2.5.5A1(c).[2] Had this been done, they argued, the public hearing would have taken place on August 16, establishing the "pending" status of the application prior to the changes in zoning classification.[3] The Superior Court agreed with plaintiffs' argument and reversed the Planning Board's decision.

■ Plaintiffs argue on appeal that their applications for site-plan review and subdivision approval should have been considered "pending" within the meaning of the grandfathering provision of 1 M.R.S.A. § 302 and, therefore, entitled to review under the ordinance in effect at the time they were submitted. That provision provides the following in relevant part: "Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." 1 M.R.S.A. § 302. A "proceeding" includes "an application for a license or permit required at the time of its filing." *Id.* An application is considered a "pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before." *Id.* "Substantive review" of an application is defined as "a review of that application to determine whether it complies with the review criteria and other applicable requirements of law." *Id.*

For the purposes of section 302, plaintiffs initiated one proceeding when they submitted a site-plan application to the CEO on July 25, and another when they filed an application for subdivision review on August 23. *See Cardinali v. Planning Bd. of Lebanon,* 373 A.2d 251, 253 (Me. 1977) ("Quite obviously, an application for subdivision approval is encompassed in the

... definition of 'proceeding.' "); *Larrivee v. Timmons,* 549 A.2d 744, 746 (Me.1988). ("[E]ach ... application is a separate 'proceeding' for the purpose of applying the grandfathering provision of section 302."). In determining whether a proceeding is pending at the time of a zoning amendment, we have held that an application is pending for the purposes of section 302 "when a municipality takes the threshold step of acting on the substance of a proposal." *Littlefield v. Inhabitants of Town of Lyman,* 447 A.2d 1231, 1235 (Me.1982); *see also Maine Isle Corp., Inc. v. Town of St. George,* 499 A.2d 149, 151 (Me.1985). We qualified the rule in *Littlefield* as follows:

[P]resentment of a *plan* to a municipal clerk or board may not, in and of itself, result in a pending application under this section. When the municipality accepts the plan for the purpose of evaluating the substance of the proposal, manifests that the plan is adequate to begin the review process, or fails to advise an applicant of any restriction on the significance of acceptance of the plan, an application can be said to be pending.

*Littlefield v. Inhabitants of Town of Lyman,* 447 A.2d at 1235 (footnote omitted). In short, "a municipality can screen a plan for the adequacy of the information required by the relevant land use ordinance without bestowing 'pending' status on the plan." *Waste Disposal Inc. v. Town of Porter,* 563 A.2d 779, 781 (Me.1989).

Although plaintiffs submitted their applications prior to or simultaneously with the enactment of the zoning amendment on August 23, the reviewing authority (the Planning Board) had not substantively reviewed them by that date. Thus, they were not pending at the time of the amend-

2. Zoning Ordinance 2.5.5A1(c) provides, in pertinent part, that the CEO "shall refer such plans to the Chairperson of the Planning Board at least 10 days in advance of the next regularly scheduled meeting of the Planning Board."

3. Zoning Ordinance § 2.5.5A1(d) provides that "[w]ithin thirty (30) days of the next regularly scheduled Planning Board meeting following the submission of an application for site plan review, provided such application has been submitted at least 10 days in advance of the meet-

ing, the Planning Board shall hold a public hearing on the application." Plaintiffs point out that the next regularly scheduled meeting following the filing of the application was on August 16, 1989. Because plaintiffs' application was submitted 22 days in advance of that meeting, they contend that the public hearing should have been scheduled for the August 16 meeting, not the September 20 meeting which was beyond the 30–day limit set by the ordinance.

ment's passage. As a result, the grandfathering provision of section 302 did not apply, and the applications were controlled by the amendment. *See Fishermens Landing, Inc. v. Town of Bar Harbor*, 522 A.2d 1312, 1313 (Me.1987).

■ The Superior Court reversed the Planning Board's decision, finding that the Board failed to follow a zoning ordinance that would have required the scheduling of the public hearing at the Board's August 16 meeting, thus, providing an opportunity for the applications to gain "pending" status prior to the passage of the August 23 zoning amendment. The grandfathering provision of section 302, however, refers only to proceedings which are pending *in fact* and not those that might have been pending if they had been handled in accordance with directions contained in an ordinance. Accordingly, we hold that the Superior Court erred in reversing the Planning Board's decision.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of an order affirming the Planning Board's decision.

All concurring.