MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2026 ME 22
Docket:         Cum-25-109
Argued:         October 9, 2025
Decided:        March 10, 2026

Panel:          STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ.

SHARK TANK STRATEGIES, LLC et al.

v.

TOWN OF SCARBOROUGH

CONNORS, J.

[¶1]  This appeal presents the question whether, under 1 M.R.S. § 302 (2025), the applications of appellants Shark Tank Strategies, LLC, and Platinum Smoke, LLC (Applicants), were "pending" at the time the Town's zoning ordinance was amended to add a setback requirement that the Applicants' facilities could not meet.  The Town Council concluded that the applications were not pending and denied the applications.  The Superior Court (Cumberland County, *McKeon, J.*) affirmed, as do we.

## I.  BACKGROUND

### A.  The Cannabis Establishments Licensing Ordinance

[¶2]  Scarborough's Cannabis Establishments Licensing Ordinance, Chapter 1018, establishes a licensing scheme for certain cannabis

2

establishments, including medical cannabis cultivation facilities. Scarborough, Me., Cannabis Establishments Licensing Ordinance §§ 1, 3-4 (July 17, 2024) (Chapter 1018). The ordinance provides that persons seeking cannabis establishment licenses must file applications with the Town and "provide sufficient information to demonstrate that they meet all qualifications and standards established in [Chapter 1018]." *Id.* § 5. One such standard is that applicants must include documentation showing that their cannabis establishment will be located in a property registered with the town as a "Registered Cannabis Property." *Id.* §§ 5(I), 16.

[¶3] Following submission, "[t]he initial application for a license shall be processed by the Town Clerk and reviewed and approved by the Town Council." *Id.* § 7(A). "In the event that the Town Clerk determines that a submitted application is not complete, the Town Clerk shall notify the Applicant within ten (10) business days . . . and shall inform the Applicant of the additional information required to process the application." *Id.* § 7(B). "[A]fter receipt of a completed application," a public hearing by the Town Council on the application must be scheduled and notice of the hearing must be published. *Id.* § 7(C)(1). "When an application is determined to be complete," the Town Clerk

must notify abutters of the hearing at least ten days prior to "the first meeting at which the complete application is to be reviewed." *Id.* § 7(C)(2).

**B.     Procedural History**

[¶4]  We recite the procedural history as reflected in the record.  *See Stiff v. Town of Belgrade*, 2024 ME 68, ¶ 2, 322 A.3d 1167.  In August 2024, the Applicants submitted applications for licenses to operate medical cannabis cultivation facilities in Scarborough.   These applications did not include documentation showing that their proposed facilities would be located in a "Registered Cannabis Property" as required by Chapter 1018.  *See* Chapter 1018, § 5(I).

[¶5]  The Town staff "vetted" the applications and placed them on the agenda for a "first reading" at the September 4, 2024 meeting of the Town Council.[1]   This first reading procedure did not derive from Chapter 1018. *See id.* § 7.  Instead, the Town Council evidently adopted this step as a matter of custom in order to provide more notice to the public.

[¶6]  At the Town Council's September 4 meeting, it amended the town's zoning ordinance, Chapter 405, to require a 1,000-foot setback between

---

[1]  Specifically, the Fire Department, Police Department, and Codes and Planning Department reviewed the applications.  Inspections had also been conducted.

cannabis cultivation facilities and residential properties.[2]  Later that evening, after the enactment of that amendment, the assistant town manager indicated that staff had determined that the applications at issue were "complete."[3]  A first reading of the applications ensued.  During this first reading, several members of the public spoke, after which the Town Council discussed the process employed in reviewing these applications generally.  The Town Council then opened discussion on the applications, but there was no such discussion and the Town Council voted "to move approval of the first reading . . . and schedule the public hearing and second reading" on each application.

[¶7]  A public hearing on the applications then occurred on September 18, 2024.  By that time, the Town Council had become aware that the applications were missing the required proof that the facilities were located in a Registered Cannabis Property.  The Town Council tabled the applications until its next meeting.  On September 25, the required Cannabis Property registration was filed.  On October 2, the public hearing on the applications resumed and, after discussion, the Town Council voted to deny the applications.

---

[2] This amendment provided that cannabis cultivation facilities that were "licensed and operating prior to the adoption of this section" and that did not meet this setback requirement could continue to operate as nonconforming uses.

[3] The assistant town manager later stated, in a memorandum dated almost a month later, that the staff had been aware that the applications were incomplete but nonetheless scheduled them for a first reading.

Two weeks later, the Town Council chair issued the written orders setting forth the Council's findings and conclusions, which denied the applications because the facilities did not meet the 1000-foot setback of the amended zoning ordinance.[4]

[¶8]  The Applicants timely filed a complaint in the Superior Court seeking judicial review under M.R. Civ. P. 80B, the Superior Court affirmed the Town Council's decision, and the Applicants timely appealed to us.  M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

### A.  We review de novo whether the applications were "pending" before the Town Council within the meaning of section 302.

[¶9]  "In a Rule 80B appeal, the Superior Court acts in an appellate capacity, and, therefore, we review the [Town Council's] decision directly . . . for errors of law, abuses of discretion, or findings not supported by substantial evidence in the administrative record."  *Bryant v. Town of Wiscasset*, 2017 ME 234, ¶ 11, 176 A.3d 176 (quotation marks omitted).

[¶10]  Title 1, section 302 provides in relevant part:

Actions and proceedings pending at the time of the passage, amendment or repeal of an . . . ordinance are not affected thereby. . . .  For the purposes of this section and regardless of any

---

[4]  The Applicants do not contest the Town Council's factual finding that they failed to meet the setback requirement.

> other action taken by the reviewing authority, an application for a license or permit required by law at the time of its filing shall be considered to be a pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before.  For the purposes of this section, a substantive review of an application for a license or permit required by law at the time of application shall consist of a review of that application to determine whether it complies with the review criteria and other applicable requirements of law.

1 M.R.S. § 302.

[¶11]  Section 302 constitutes a rule of statutory construction; thus, it does not apply when "there is clear and unequivocal language that the statute or ordinance applies to pending proceedings."  *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65, ¶ 20, 856 A.2d 1183.  There is no such language in the amended zoning ordinance.  The only issue is whether the applications were pending prior to that amendment.  This is a determination of law, which we review de novo.  *See Waste Disposal Inc. v. Town of Porter*, 563 A.2d 779, 782 (Me. 1989) (determining as a matter of law that an application was not pending).[5]

---

[5]  This is not a case in which the occurrence of events is in dispute.  If there were such a dispute, deference to the Town Council's factual findings would be appropriate.  *See Brown v. Town of Kennebunkport*, 565 A.2d 324, 327 (Me. 1989) (reviewing board's findings as to scope of its review for substantial evidence in the record).

**B.** **The applications were not pending at the time the zoning ordinance was amended.**

[¶12]  We start, as always, with the statutory text.  Thus, the question is whether the Town Council had conducted "at least one substantive review" of the applications before the enactment of the amendment.  1 M.R.S. § 302.

[¶13]  The Applicants argue that substantive review commenced when the staff initially deemed the application complete and the Town Council held its first reading.  This argument presumes that the relevant time was midnight on September 4—after the first reading—because this is when the amended setback ordinance took effect.  *See* Scarborough, Me., Charter of the Town of Scarborough § 213 (Dec. 1, 2022).

[¶14]  This presumption, however, is incorrect.  The relevant time is when the zoning amendment was voted on and passed by the Council.[6] *See Heber v. Lucerne-in-Maine Vill. Corp.*, 2000 ME 137, ¶ 9, 755 A.2d 1064; *Fishermens Landing, Inc. v. Town of Bar Harbor*, 522 A.2d 1312, 1313 (Me. 1987).[7]  Nothing of substance happened before the Town Council prior to

---

[6] The instant appeal does not present a scenario, as in *Duplessis v. Cobbossee Development Group*, in which the relevant ordinance extended "pending" status to applications filed after the date of passage but before the effective date.  *See* 534 A.2d 674, 675-76 & n.2 (Me. 1987).

[7] The Applicants note that in several of our previous decisions, we have referred to the "effective date" as being the relevant date under section 302.  *See, e.g., Morrissette v. Kimberly-Clark Corp.*, 2003 ME 138, ¶ 11, 837 A.2d 123; *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 628 (Me. 1994).  These

8

the vote to amend the zoning ordinance. Even the first reading had not yet occurred. Critically, the Council had not commenced review of whether the applications met any of the substantive criteria for obtaining approval. Under any interpretation of section 302, no substantive review had occurred before the vote to amend the ordinance. The applications were therefore not pending at the relevant time, and we can end our inquiry.

[¶15] Even if we looked at what happened on September 4 after the vote to amend, that would not help the Applicants' cause. Prior to midnight, the matter had proceeded only to the voicing of an (incorrect) assertion by staff to the Council that the application was complete and a non-substantive first reading for the benefit of providing notice to the public. These are only some of the preliminaries needed under Chapter 1018 before the Town Council undertakes a substantive review. Notice of the public hearing on the applications had not yet been published on September 4. *See* Chapter 1018, § 7(C)(1). The abutters also had not yet been notified, which is required under Chapter 1018 before "the first meeting at which the complete application is to be reviewed." *Id.* § 7(C)(2). The preliminaries that occurred in this case are not the commencement of substantive review. *See Waste Disposal*, 563 A.2d at

decisions, which do not address our holdings in *Heber* and *Fishermens Landing*, are not controlling here.

781-82 (holding that the presentation of an application at a board meeting, informal discussion of the application at that meeting, and subsequent review and determination by the board that the application was incomplete was not a substantive review of the application).

[¶16]  The Applicants argue that our decision in *Littlefield v. Town of Lyman*, 447 A.2d 1231 (Me. 1982), compels a different result.  At the time *Littlefield* was decided, the relevant language in section 302 provided that "[a]ctions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby.  For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing."  *See* 1 M.R.S.A. § 302 (1979).  We held that whether an application was complete or not, "when a municipality takes the threshold step of acting on the substance of a proposal, the application process has commenced and an application is pending for purposes of section 302."  *Littlefield*, 447 A.2d at 1234-35.  The Applicants note that in its orders denying the applications, the Town Council indicated that the applications were not complete until September 25, and argue that under *Littlefield*, lack of completeness is not dispositive.  Here, however, there was no

"acting on the substance" of the (incomplete) applications before the zoning ordinance was amended to include the setback requirement. *See id.* at 1235.

[¶17]  In addition, after we decided *Littlefield*, section 302 was amended to add the language clarifying that substantive review was required. *See* P.L. 1987, ch. 766, § 1 (effective Aug. 4, 1988).  This amendment originated with a bill, L.D. 2317 (113th Legis. 1988), reported by the Maine Commission on Land Conservation and Economic Development, which appended the following statement of fact:

> Section 1 clarifies the concept of "pending application."  It is the intent of the Legislature that any application under consideration by a municipal or state reviewing authority be subject to any changes in law including, without limitation, temporary and lawfully declared moratoria, when the application in question has not yet received substantive review from the reviewing authority. The filing or receipt of written applications or the initial reviews necessary to determine the completeness of an application do not, in and of themselves, constitute "substantive review."

L.D. 2317, Statement of Fact, at 39-40 (113th Legis. 1988).

[¶18]  If it were not clear before the statutory text was amended in 1988 that commencement of a review of the substantive criteria for approval was required before an application would be deemed pending, it became clear when the text was amended.[8]

---

[8]  To the extent that any of our previous decisions could be read as indicating that anything less than commencement of a review by the decision-maker to determine whether an application meets

[¶19]  Prior to the enactment of the amendment to the zoning ordinance, the Town Council had not begun to review the applications to determine whether they met the substantive criteria for approval.  Therefore, the applications were not pending within the meaning of section 302 at the time the zoning ordinance was amended to include the setback requirement, and the Town Council did not err in denying the applications.

The entry is:

Judgment affirmed.

---

Gordon R. Smith, Esq. (orally), Verrill Dana, LLP, Portland, for appellants Shark Tank Strategies, LLC, and Platinum Smoke, LLC

Grady R. Burns, Esq. (orally), and Philip Saucier, Esq., Bernstein Shur, Portland, for appellee Town of Scarborough

Cumberland County Superior Court docket number AP-2024-56
FOR CLERK REFERENCE ONLY

---

the substantive criteria for approval could render that application pending under section 302, we clarify that such an interpretation is not consistent with the post-1988 text and legislative intent.